IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40213
Summary Calendar
_____

ROBERT L. RUDOLPH,

                                    Plaintiff-Appellant,

versus

KENNETH W. BOWN, M.D., Michael Unit; LOUIS E.
GIBSON, M.D., Michael Unit; ANDREA J. MARTIN,
Assistant Health Administrator, Michael Unit;
FRED HUFF, P.A., Goree Unit; ROBERT HERRERA,
Assistant Warden, Michael Unit; ROCHELLE
MCKINNEY, Medical Administrator, Texas Department
of Criminal Justice-Institutional Division; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-545
--------------------
January 3, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Robert L. Rudolph, Texas prisoner # 325362, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights

action as frivolous and for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) &

(ii).  Rudolph argues that the defendants denied him adequate

medical care and adequate pain medication for a back injury.  A

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

review of Rudolph's allegations indicates that Rudolph received extensive medical treatment for his back injury, prescription pain medication, instructions to perform back exercises, and a cane to assist him in walking.  Because he received extensive medical treatment, Rudolph has not shown that the defendants were deliberately indifferent to his serious medical needs.  See Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994).  Rudolph's disagreement with his medical treatment or with the particular prescription pain medication he was given does not constitute a constitutional violation.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  The district court did not err in holding that Rudolph's denial-of-medical-care claim fails to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii).  See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).  The district court also did not abuse its discretion in dismissing this claim as frivolous under § 1915(e)(2)(B)(i).  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Rudolph also argues that his work assignments caused him to suffer undue pain.  However, Rudolph has not named as a defendant his work supervisor or the official responsible for making his work assignments.  Further, he has not shown that he was required to perform any specific duties which were inconsistent with any specific medical restrictions.  See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).  Even if officials negligently required him to perform a duty which was inconsistent with particular medical restrictions, such negligence does not amount to a constitutional violation.  See id.  Therefore, the district

court did not abuse its discretion in dismissing Rudolph's claim
concerning his work assignment as frivolous under
§ 1915(e)(2)(B)(i) and did not err in dismissing the claim for
failure to state a claim upon which relief may be granted under
§ 1915(e)(2)(B)(ii).  The motions filed by Rudolph are DENIED.

AFFIRMED.