IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40683
Conference Calendar

_____

JEFFERY E. WILLIAMS,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; RONALD J. BALLARD;
BALLARD, MR.; GARZA WEST MEDICAL DEPARTMENT,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-506
- - - - - - - - - -
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Jeffery E. Williams, Texas prisoner # 578942, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint as
frivolous and for failure to state a claim under 28 U.S.C.
§ 1915A(b)(1).  Williams alleged that the defendants knowingly
and willingly denied him medical treatment on August 17, 1999,
and on November 4, 1999.

Prison officials violate the constitutional prohibition
against cruel and unusual punishment when they demonstrate

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994); see Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice is insufficient to give rise to a 42 U.S.C. § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

The evidence before the district court established that the delay in treatment did not result in any physical harm to Williams. Therefore, Williams has not established an Eighth Amendment violation. See Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). Likewise, to the extent that he alleged that the defendants violated Texas Department of Criminal Justice and unit policy by not examining him without requiring a sick call request, he has not stated a constitutional violation. Cf. Giovanni v. Lynn, 48 F.3d 908, 912-13 (5th Cir. 1995).

Although Williams alleges in his appellate brief that his condition has worsened as a result of the lack of adequate medical care, these facts were not raised in his complaint or at the Spears hearing. Therefore, this court will not consider them for the first time on appeal. See Williams v. Cigna Fin. Advisors, Inc., 56 F.3d 656, 661 (5th Cir. 1995) (holding factual issues may not be raised for the first time on appeal).

Because Williams' contentions are without merit, this appeal is dismissed as frivolous.  5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  This court's dismissal of his appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).  Williams is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

Williams' motion for a protective order is DENIED.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED; MOTION DENIED.