IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10336
Summary Calendar
_____

ROBERT GLENN TAYLOR,

                                        Plaintiff-Appellant,

versus

JAMES HOWARDS, Correctional Officer III; NO FIRST NAME
SINCLAIR, Plant Supervisor; M. DIXON, Unit Safety Officer;
S.O. WILLIAMS, Plant Manager; JOHN BAINE, RN Director of
Nurses; TIMOTHY REVELL, DR., MD; CHARLES RIDGE, DR. MD;
D. RICHARDSON, RN; NO FIRST NAME ELLENBURG, Unit Major;
NO FIRST NAME ROWLAND, Unit Lieutenant; JEFFERY D. CONE,
MDPA; AL MARKS, Health Administrator; DARWIN D. SANDERS,
Warden; GLENN SMITH, Previous Unit Warden; NO FIRST NAME
GILHOUSE, Captain; NO FIRST NAME MURPHY, Unit IAD; R. MCCOY,
Grievance Coordinator; N. SOUTHERN, Grievance Investigator;
D. CALZADA, RN; LANNETTE LINTHIEUM, MD; ROCHELLE MCKINNEY,
RHMA; JOAN WYATT, Regional Director; GARY L. JOHNSON,
Director, Texas Department of Criminal Justice, Institutional
Division; WAYNE SCOTT, Executive Director; ALLEN POLUNSKY,
Chairman of the Texas Board of Criminal Justice; TEXAS TECH
UNIVERSITY HEALTH SCIENCE CENTER, Health Care Provider;
UNKNOWN PARTIES,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:00-CV-5
_____
July 17, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Glenn Taylor, Texas prisoner # 683162, appeals the dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2) and 42 U.S.C. 1997e(c)(1). Taylor contends that the failure to follow rules for reporting his injury and accident was an independent due process violation. The district court correctly held that the defendants' alleged failure to follow prison rules and regulations does not, without more, give rise to a constitutional violation.[1] Likewise, Taylor's argument that the defendants tampered with his medical records, to add a notation of what actually happened on the night of the accident, does not state a claim of a constitutional violation.[2]

Taylor maintains that appropriate and adequate treatment was delayed and was denied him. He admits that he was sent to a specialist, Dr. Paige, but he contends that Nurses D. Richardson and D. Calzada intentionally interfered with the treatment prescribed by Dr. Paige. This issue is *res nova*. New allegations may not be raised and will not be addressed for the first time on appeal.[3]

Taylor contends that Dr. Jeffery Cone did not properly advise him and, accordingly, obtain his informed consent before surgery, and failed to recognize and

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Myers v. Klevenhagen, 97 F.3d 91 (5th Cir. 1996).

[2] Id.

[3]Leverette v. Louisville Ladder Co., 183 F.3d 339 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000); Reeves v. Collins, 27 F.3d 174 (5th Cir. 1994).

2

respond timely to post-operative complications. Taylor states that he discovered that the surgery was unsuccessful on November 20, 1998. He contends that Dr. Cone entrusted his care to Nurse Jones, which violated the standard of care and constituted malpractice, and that the nurse denied him an x-ray and did not refer him to the doctor.

Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice alone are insufficient to give rise to a § 1983 cause of action.[4] Taylor's allegations against Dr. Cone fail to state a constitutional claim. His allegations against Nurse Jones are being raised for the first time on appeal. Jones is not a defendant herein.

Taylor asserts that Captain Gilhouse had a duty to investigate before disciplining him for failure to work. Absent an allegation that the Captain was aware of Taylor's injuries and that requiring him to work would create a substantial risk of serious harm, Taylor has not stated adequately a claim of deliberate indifference.[5]

Taylor further contends that his factual allegations raise a material issue under the eighth amendment. He contends that the district court improperly resolved factual disputes, which he does not identify, other than to repeat his general allegations of deliberate indifference and an attempt to cover-up his accident and injuries.

---

[4]Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991).

[5]Reeves, 27 F.3d at 176-77 (medical records did not state restrictions; officers not deliberately indifferent for requiring prisoner to work).

Taylor's claims against other defendants which are not addressed in his appellate brief are deemed abandoned.[6]

This appeal is without arguable merit and is frivolous.[7] As such, it is DISMISSED.[8] Taylor's motion for appointment of counsel is DENIED.

Taylor is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal.[9] We caution Taylor that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION FOR APPOINTMENT OF COUNSEL DENIED; CAUTION ISSUED.

---

[6]Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993).

[7]Howard v. King, 707 F.2d 215 (5th Cir. 1983).

[8]5TH CIR. R. 42.2.

[9]Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)].").