United States Court of Appeals,

Fifth Circuit.

No. 93-1902

Summary Calendar.

Wayne Morris REEVES, Jr., Plaintiff-Appellant,

v.

James A. COLLINS, Director, Texas Dept. of Criminal Justice, Institutional Division, et al., Defendants-Appellees.

Aug. 1, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before SMITH, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:

Proceeding pro se and *in forma pauperis* (IFP), Wayne Morris Reeves, Jr., a TDCJ inmate at the T.L. Roach Unit, filed a civil rights complaint against TDCJ Director James Collins, Mr. M. Spiers, and Mr. Stewart, detention officers at the Roach Unit. A *Spears*[1] hearing was conducted by the magistrate judge to flesh out the factual basis of the complaint. After testimony was completed at the hearing, Reeves and counsel for the unserved defendants signed a consent form for the magistrate judge to conduct all further proceedings in the case, with any appeal to this Court. 28 U.S.C. § 636(c).

At the hearing, Reeves testified that, on July 4, 1992, detention officers Spiers and Stewart ordered Reeves and inmate B. Miles to clean the caulking in the floor of J-wing. Reeves

---

[1]*Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985).

1

informed the officers that he physically could not do the work due to medical restrictions from an earlier back injury. Spiers threatened Reeves with a disciplinary report for failure to obey a direct order if he failed to do the cleaning. As Reeves worked at the cleaning job, his back began to hurt. The officers kept telling the two inmates to continue working without stopping, even after Reeves informed them of his pain.

At some point, Reeves left his work to speak with Sergeant Daughty concerning the propriety of the assignment in light of Reeves' medical restrictions and pain. Daughty told Reeves that he must obey an officer's orders, unless compliance would be life threatening, or be subject to discipline, and that any problem with the work order could be addressed later if needed. Reeves returned to cleaning the floor. Daughty told Reeves that he would check into the medical restrictions, but Daughty failed to do so, as did Spiers and Stewart.

While Reeves continued with this work, his pain increased. At some point, he developed pain in his lower abdomen. Reeves finally left J-wing after he observed the formation of a lump on his abdomen. The subsequent medical examinations revealed that Reeves had a hernia. Reeves testified that, if any one of these officers had checked into his medical restrictions, the onset of the hernia could have been avoided.

Dr. Revell, a physician with TDCJ, also testified at the hearing, reviewing for the court the medical files on Reeves and explaining how medical restrictions are recorded in the files.

Reeves testified that, after a fall from his bunk in May 1992, he was told by the examining physician that restrictions would be placed on him which would limit his physical exertions. Reeves agreed that no such restrictions were noted in his medical files and therefore, were not available for the officers to check, if the officers had been inclined to do so. Further, Reeves testified that during a physical examination on an unrelated ailment weeks after the back injury, he told the examining physician that he was not experiencing any back pain from working.

After the *Spears* hearing and before the magistrate judge dismissed the complaint, Reeves filed an amended complaint. Reeves added Sergeant Murry to the list of defendants. In this complaint, Reeves alleged that he and inmate Miles, after reporting to work late, were ordered by Spiers and Stewart to clean the caulking in J-wing's flooring. Reeves informed them of his back problem and the medical restrictions. The inmates began to clean, each inmate doing the work standing. They took an unauthorized break. The officers ordered them back to work. Spiers took away Reeves' broom and handed him a wooden palm scrubber to use. Reeves again informed him of the medical restrictions, to no avail. Shortly after beginning the new scrub work, Reeves began to experience lower back pain. Soon after that, both inmates took their lunch break.

During his lunch break, Reeves spoke with Sgt. Murry, not Daughty, concerning his work duty and his back pain. Murry told him to obey the order unless compliance was life threatening.

After lunch, Reeves worked twenty minutes before experiencing severe back pains. He went to his cell to rest from the pain. Spiers ordered him to return to work. When Reeves indicated that he was going to the infirmary, Spiers threatened to issue a disciplinary report on Reeves, thus preventing Reeves from leaving for the infirmary. Within 30 minutes of this incident, during "count-time," Reeves rested by his cell in severe pain. Spiers ordered him to return to work despite Reeves' assertions of pain.

For the next 90 minutes or so, Reeves scrubbed the floor, taking short breaks in an effort to manage the pain. Reeves felt an intense, severe pain in his abdomen, and he needed physical assistance from another inmate to get to his cell. Reeves notified Spiers that he needed to rest. Reeves walked to the infirmary and was stopped by Spiers, who inquired if the scrubbing was completed. Spiers again threatened Reeves with disciplinary reports if he left the building. Reeves ignored the threats and proceeded to the infirmary where the nurse informed him of the possible hernia.

Reeves was not permitted to return to work. On July 7th, the physician diagnosed the hernia, and surgery was performed in August. Surgery revealed the ailment to be a double hernia.

In his order of dismissal, the magistrate judge noted the contradictions in the facts between Reeves' amended or supplemental complaint and his *Spears* testimony. Under either scenario of facts, the magistrate judge concluded that Reeves had alleged negligence against the officers, thus failing to state a civil rights cause of action. The magistrate judge dismissed the

4

complaint as frivolous.

Reeves filed a motion for leave to file a supplemental complaint in order to add Head Nurse/Medical Administrator K. Allen to the list of defendants for her alleged unauthorized changes to Reeves' medical classification. Within ten days from entry of judgment, he also filed[2] objections to the dismissal, before filing his notice of appeal. These objections included Reeves' allegations against Allen as to facts occurring in September 1992. The magistrate judge, construing the objections as "a motion to reconsider and to vacate," denied the motion. The order specifically noted that Reeves' attempts to supplement his claim after judgment by adding allegations were futile.

An IFP complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez,* --- U.S. ----, ----, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). This Court reviews the dismissal for abuse of discretion. *Id.,* --- U.S. at ----, 112 S.Ct. at 1734. Reeves does not argue that Collins is liable as a defendant. Therefore, to the extent that supervisory liability was an issue in this case, it has been abandoned on appeal. *See Eason v. Thaler,* 14 F.3d 8, 9 n. 1 (5th Cir.1994).

Reeves argues that in his facts,[3] he has alleged deliberate indifference on the part of the three defendants, Spiers, Stewart, and Murry. "[D]eliberate indifference to serious medical needs of

---

[2]Reeves could not serve the objections on the defendants because the defendants were never served with the complaint.

[3]The facts restated in the appellate brief resemble the facts found in the amended complaint.

5

prisoners constitutes the "unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.... whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care...." *Estelle v. Gamble,* 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (citation and footnotes omitted).

The Supreme Court recently adopted "subjective recklessness as used in the criminal law" as the appropriate definition of " "deliberate indifference' under the Eighth Amendment." *Farmer v. Brennan,* --- U.S. ----, ----, 114 S.Ct. 1970, 1980, --- L.Ed.2d ---- (1994).

> [A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at ----, 114 S.Ct. at 1979. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *See id.,* at ---- and n. 8, 114 S.Ct. at 1981-82 and n. 8.

Under the facts alleged by Reeves, in either version, this standard is not met. Even if the officers had checked to see if medical restrictions had been placed on Reeves for his back, Reeves agreed that the records did not state such restrictions, whether by inadvertence or intention of the medical care providers. Moreover, there was no indication at the time, besides Reeves' assertions of pain, that Reeves had a hernia. As such, the officers' disregard of Reeves' assertions of pain, in light of Reeves' allegations of

6

repeatedly returning to work, taking short breaks to relieve the pain, and finally going to the infirmary when the pain became unbearable, amounts to no more than negligence. *See Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985) (defining "wanton").

To the extent that Reeves argues that Spiers and Stewart violated TDCJ policy by failing to inquire into his medical restrictions and by disciplining Reeves for lateness by giving him the scrubbing job, this issue was not raised in the district court. This Court will not address this issue for the first time on appeal. *See Murray v. Anthony J. Bertucci Constr. Co., Inc.,* 958 F.2d 127, 128 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 190, 121 L.Ed.2d 134 (1992).

Therefore, the district court did not abuse its discretion in dismissing the complaint for frivolousness. *See Denton,* --- U.S. at ----, 112 S.Ct. at 1734.

Reeves argues that Head Nurse/Medical Administrator Allen is liable for various acts and omissions. Allen was not named as a defendant when the district court dismissed the complaint for frivolousness.

Entry of final judgment was September 7, 1993, although the magistrate judge signed the judgment on September 3, 1993. Reeves' motion seeking leave to supplement his complaint was mailed on August 31, 1993, but was filed on the day that final judgment was entered. Reeves also filed objections to the dismissal of his complaint, objections which included reference to Allen's culpability, and calling into question the correctness of the

7

magistrate judge's dismissal.  The magistrate judge construed the objections as a "motion to reconsider and to vacate," and he denied the motion, after Reeves had filed notice of appeal.  Within the magistrate judge's order denying the order, he noted that Reeves' attempts to supplement his claim after judgment, attempts including the motion for leave to file a supplemental complaint, were futile. Reeves did not file a second notice of appeal.

Under former Fed.R.App.P. 4(a)(4), this Court would lack jurisdiction over the entire appeal because Reeves failed to file notice of appeal after entry of the order disposing of his motion which was, liberally construed, a Fed.R.Civ.P. 59(e) motion.  *See Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668 (5th Cir.), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986);  *see also Craig v. Lynaugh,* 846 F.2d 11, 13 (5th Cir.1988) (if service of process has not occurred, and "[i]f a judgment has been entered, a Rule 59(e) motion, or its legal equivalent, filed within 10 days after the date of entry of judgment is timely even though it has not been served on the defendants").  Although notice of appeal was filed before the effective date of the new rules of appellate procedure, this Court will apply retroactively the new rules when it is just to do so. *See Burt v. Ware,* 14 F.3d 256, 258-60 (5th Cir.1994).  As such, under new Rule 4(a)(4), this Court has jurisdiction over the final judgment, but the new rule requires "[a] party intending to challenge an alteration or amendment of the judgement ... [to] file an amended notice of appeal" in order to appeal that alteration.

*See* Rule 4(a)(4).

The order and judgment dismissing Reeves' complaint did not encompass any allegation or cause of action against Allen. The order denying reconsideration covered these allegations. Because Reeves failed to amend his notice of appeal, his arguments covering these allegations are not properly before this Court.

AFFIRMED.