IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40288
Summary Calendar
_____

JIMMIE BOUDREAUX,

Plaintiff-Appellant,

versus

UP REED, Eastham Physician,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:95-CV-200
- - - - - - - - - -

April 1, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jimmie Boudreaux, Texas prisoner # 412147, appeals the summary judgment dismissal of his civil rights lawsuit, pursuant to 42 U.S.C. § 1983. Boudreaux argues that the district court erred in dismissing his inadequate-medical-care and retaliation claims against the prison physician, Dr. Ronald Reed. He does not renew his claim that Dr. Reed was deliberately indifferent to his medical needs by forcing him to work in excess of his physical limitations, and that claim is therefore waived. See

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are waived).

Even if Boudreaux's version of the facts is accepted as true, he does not argue and has not presented any evidence that Dr. Reed was aware that his collarbone was not healing but chose to disregard the risk to his health caused by the unhealed fracture, and his inadequate-medical-care claim fails. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994)(applying Farmer to medical claims). He makes no more than a claim that Dr. Reed was negligent and provided him with insufficient medical care, which does not rise to the level of a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Boudreaux's retaliation claim is similarly unavailing because he has not provided any qualifying summary judgment evidence that, but for Dr. Reed's retaliatory motive, his medical restrictions would not have changed. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996). The only evidence he presents in support of this claim is his own conclusional assertion that he was the victim of retaliation, which is insufficient. See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir.), cert. denied, 118 S. Ct. 559 (1997).

Boudreaux has not demonstrated any error in the district court's judgment, and it is AFFIRMED. Because the district court's judgment is affirmed, Boudreaux's motion for the appointment of counsel is DENIED as unnecessary.

JUDGMENT AFFIRMED. MOTION DENIED.