### Rodney SMITH

v.

### Evelyn REYNAUD.

### No. Civ.A. 99–1858 A.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Jan. 25, 2000.

---

Rodney Smith, Angola, LA, plaintiff pro se.

## JUDGMENT

LITTLE, Chief Judge.

Before this court is the report and recommendation of the magistrate, which advises us to dismiss with prejudice as frivolous plaintiff Rodney Smith's ("Smith") civil rights complaint pursuant to 42 U.S.C. § 1983. Smith alleges in his complaint that defendant Evelyn Reynaud ("Reynaud"), a nurse at the Avoyelles Correctional Center located in Cottonport, Louisiana, denied him medical care when she refused to treat him for chest pain on 21 June 1999, even though Smith declared himself a medical emergency. We do not adopt the magistrate's recommendation, as we conclude that Smith's complaint states a claim upon which relief may be granted.

In May 1999, Dr. Quyen Tran had diagnosed Smith as having "a very slow flow of blood to [his] heart" (Compl. at 5), and had instructed Smith to alert prison officers or the nurse on duty right away if he experienced any chest pain in the future and, at

such time, to "declare [himself] a medical emergency." (*Id.*) According to Smith, on 21 June 1999, he suffered chest pain and notified Nurse Reynaud that he was having a medical emergency. Smith alleges that Reynaud did not call a doctor for him or even assess his medical condition. Reynaud merely took Smith's bottle of nitroglycerin pills to be refilled, which she returned two days later. Smith claims that as a result of Reynaud's inaction, he had to endure pain in his chest that ran down his left arm (Compl. at 6), and that he even had a blackout (Am.Compl. at 2).

Smith admits that he was seen by D. Hayman, another nurse at the Avoyelles Correctional Center, later that same day and was taken to Huey P. Long Hospital for more testing. Smith clarifies in his objections to the magistrate's report and recommendation, however, that he was seen by Nurse Hayman only after he declared himself a medical emergency for the second time, which was at least six hours after the initial request for medical attention. According to Smith, when Nurse Hayman came to see him, Hayman declared that Smith "had to be seen at once" by a doctor. (Obj. to Mag.'s Rep. and Rec. at 1.)

▮▮▮ The government has an obligation to provide medical care for those whom it is punishing by incarceration. *See Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Inadequate medical care by prison medical personnel can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to the prisoner's serious medical needs, constituting the unnecessary and wanton[1] infliction of pain proscribed

by the Eighth Amendment. *See Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Estelle,* 429 U.S. at 104, 97 S.Ct. at 291).

▮▮▮ "To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that 'the state has abdicated a constitutionally-required responsibility to attend to his medical needs,' and that a prison official knew of and disregarded 'an excessive risk to inmate health or safety.'" *Harris v. Hegmann,* 198 F.3d 153, 1999 WL 1128248, at *7 (5th Cir. Dec.8, 1999) (citations omitted). "'For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (quoting *Smith v. Brenoettsy,* 158 F.3d 908, 912 (5th Cir.1998)) (internal quotation marks omitted). "'Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.'" *Id.* (quoting *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir.1994)).

*Harris v. Hegmann,* 198 F.3d 153, 1999 WL 1128248 (5th Cir. Dec.8, 1999), is a case directly on point. In *Harris,* a prisoner filed a § 1983 complaint against a doctor and two nurses, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. After receiving medical treatment for a broken jaw, prisoner Harris's jaw shifted, causing him excruciating pain. Harris told a nurse at the correctional center infirmary that he was in great pain and that he required emergency medical attention. The nurse

1. The Fifth Circuit has adopted the following definition of "wanton":

> Wanton means reckless—*without regard to the rights of others.* . . . Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care

> and diligence to prevent an injury after the discovery of the peril, or under circumstances where *he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.*

*Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985) (quoting 30 AMERICAN AND ENGLISH ENCYCLOPEDIA OF LAW 2–4 (2d ed. 905) (footnotes omitted)).

told Harris that the he did not need to see a doctor; instead, the nurse made an appointment for Harris to see a dentist on a non-emergency basis. Another nurse and a doctor at the correctional center similarly denied Harris emergency medical attention.

The magistrate in *Harris* recommended that Harris's complaint be dismissed as untimely and also dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), as lacking an arguable basis in law, and under 28 U.S.C. § 1915(e)(2)(B)(ii), as failing to state a claim upon which relief could be granted. The district court adopted the magistrate's report and recommendation. The Fifth Circuit reversed on all grounds and remanded the case for further proceedings, stating that Harris's factual allegations stated an Eighth Amendment deliberate indifference claim against each of the defendants. Specifically, the Court of Appeals explained:

> Harris alleges facts demonstrating that all three defendants were made aware of, and disregarded, a substantial risk to Harris's health when they denied him treatment. Harris's factual allegations satisfy both the objective and subjective components of an Eighth Amendment claim; he states a claim upon which relief may be granted.

*Id.* at 159.

Similarly, in our case prisoner Smith notified Nurse Reynaud that he was having chest pain and that he required emergency medical attention. Due to his serious medical condition, Smith had been instructed by Dr. Tran to declare himself a medical emergency any time he experienced chest pain, so that he could be seen by a doctor right away. On 21 June 1999, Smith followed Dr. Tran's order, to no avail. Nurse Reynaud refused to take Smith to see a doctor or to even assess his medical condition herself by taking his blood pressure, listening to his heart through a stethoscope, and so forth. As a result of Reynaud's failure to provide medical assistance, Smith had to endure unnec-essarily at least six hours of pain before he was taken to a doctor.

Since Reynaud was aware of, or at the least made aware by Smith on 21 June 1999 of, Smith's medical condition and his experience of chest pain on 21 June 1999, Reynaud's alleged inaction on that date demonstrates deliberate indifference to Smith's serious medical needs. Her knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *See Harris*, 198 F.3d 153, 159. As in *Harris*, plaintiff herein makes factual allegations that state a claim upon which relief may be granted.

The fact that Smith was taken to the hospital and seen by a doctor later that same day is of no consequence to Smith's cause of action against Nurse Reynaud. Reynaud did not send anyone to assist Smith. It was in response to Smith's second request for medical attention that Nurse Hayman came to Smith's assistance. It was Nurse Hayman that caused Smith to be provided with the medical attention required under the circumstances. It would not make any sense to say that Smith has a valid claim against Reynaud if no one came to his rescue but he does not if he was fortunate enough to have someone—anyone—assist him after Reynaud neglected him.

We conclude that plaintiff Rodney Smith's factual allegations state an Eighth Amendment deliberate indifference claim against defendant Evelyn Reynaud. We, therefore, do not adopt the magistrate's recommendation to dismiss with prejudice as frivolous Smith's civil rights action against Reynaud. Smith may proceed with his case in this court.