IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30154
Summary Calendar
_____

WILLIAM K. FARRIS,

Plaintiff-Appellant,

versus

GUFFEY L. PATTISON; HAROLD DILLARD; RANDY MURPHY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-462
--------------------
October 26, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

William K. Farris, Louisiana prisoner # 234096, appeals the district court's summary judgment in favor of Guffey L. Pattison, Harold Dillard, and Randy Murphy, denying his 42 U.S.C. § 1983 civil rights action. He argues that the defendants denied him adequate medical care for an injury to his arm suffered while he was incarcerated at the Sabine Parish Detention Center. Because Farris has not shown that Sheriff Pattison or Warden Dillard had any personal involvement in the alleged denial of adequate medical care, he has not shown that the district court erred in

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying Farris' claim against them.  See Alton v. Texas A & M University, 168 F.3d 196, 200 (5th Cir. 1998).  The competent summary judgment evidence indicates that Farris received extensive medical care for the injury to his arm.  The evidence does not indicate that the defendants acted with deliberate indifference to Farris' serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994).  Unsuccessful medical treatment, acts of negligence, or medical malpractice are insufficient to give rise to a § 1983 action; disagreement with medical treatment is not actionable under § 1983.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Because Farris has not shown that this case presents exceptional circumstances which warrant appointment of counsel, his motion for appointment of counsel is DENIED.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.