IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20143
Summary Calendar
_____

EDWARD GUZMAN,

Plaintiff-Appellant,

versus

G. W. SMITH; B. ROGEEN; C.R. ELLINGSBURG; JANE DOE, Doctor;
JOHN DOE, doctor; JANE DOE, Grievance Coordinator; JOHN DOE,
Grievance Coordinator,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3047
--------------------
December 22, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Edward Guzman, Texas prisoner # 538210, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Guzman argues that prison officials acted with deliberate indifference to a serious medical need when they made him work on the hoe squad, which aggravated Guzman's injuries to his wrist, arm, and knee. He also argues that the prison doctors acted with deliberate indifference when they refused to place restrictions on his work assignment to prevent him from having to work on the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hoe squad.  Guzman additionally contends that prison officials retaliated against him for having filed grievances.

A review of the record reveals that the prison officers did not act with deliberate indifference to a serious medical need by assigning Guzman to the hoe squad and that the prison doctors did not acted with deliberate indifference for not placing restrictions on Guzman's work classification.  See Jackson v. Cain, 864 F.2d 1235, 1246-47 (5th Cir. 1989); Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994).  The record further reveals that Guzman's retaliation claim was conclusional and insufficient to establish a viable claim for 42 U.S.C. § 1983 relief.  See Whittington v. Lynaugh, 842 F.2d 818, 820 (5th Cir. 1988).  The district court did not abuse its discretion when it dismissed Guzman's claims as frivolous.  See Denton v. Hernandez, 504 U.S. 25, 31-34 (1992).  The judgment of the district court is AFFIRMED.