IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41421
Summary Calendar

_____

WILLIE E. WADE,

Plaintiff-Appellant,

versus

DAVID FORTNER,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-398
--------------------
March 26, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Willie F. Wade (TDCJ # 866019) appeals the magistrate judge's dismissal of his pro se civil rights complaint against Physician's Assistant David Fortner wherein he alleged that Fortner refused to treat him for chest pains.[**]  The magistrate judge ordered that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915A because Wade received a substantial quantum of care for his various complaints and because the single

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] The parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c).

incident in which Wade did not receive treatment did not amount to deliberate indifference to his medical needs.  The magistrate judge also noted that Wade had not shown that he had suffered any harm as a result of being denied medical treatment.

We review the district court's dismissal of Wade's complaint for an abuse of discretion.  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm."  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Wade has not shown that the magistrate judge abused her discretion by dismissing the complaint as frivolous.  See Berry, 192 F.3d at 507.  The judgment of the district court is AFFIRMED.