IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10358
Summary Calendar
_____

CHARLES LAVERN BEASLEY,

Plaintiff-Appellant,

versus

JANE SAWYER, Captain; NFN HINES, Deputy;
KEITH RHYNES, Jail Guard; VIRGIL BRYANT, Jail Guard;
NFN BOWERS, Doctor; DANNY SHIELDS, Lieutenant; MARVIN KING,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-788-BD
--------------------
September 27, 2001

Before REAVLEY, HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM:[*]

Charles Lavern Beasley ("Beasley") appeals the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 civil rights action, in which Beasley alleged that the defendants[**] were deliberately indifferent to his serious medical needs.  Beasley contends that while he was housed at the Dallas

_____

[*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**]   By failing to make appellate arguments regarding the district court's earlier dismissal of defendants Hines, Bowers, and King, Beasley has abandoned any claims against those defendants.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

County Jail, the defendants prevented him from receiving his hypertension medication and failed to treat him properly for arthritis.

We review a district court's grant of summary judgment de novo, applying the same standard as would the district court. Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997). The Eighth Amendment's prohibition against "cruel and unusual punishment" protects an inmate from improper medical care only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The evidence does not indicate that the defendants acted with deliberate indifference to Beasley's medical needs. See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994). Unsuccessful medical treatment, acts of negligence, or medical malpractice are insufficient to give rise to a § 1983 action. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

The district court's grant of summary judgment in favor of the defendants is AFFIRMED.