IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50045
Summary Calendar
_____

RAYMOND BURLESON,

> Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS CORRECTIONAL
INDUSTRIES; GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; JOHN BENESTANTE, Assistant
Director of Industry at TDCJ-ID, Industry Headquarters; NOLAN
GLASS, Plant Manager, Stainless Steel Plant, Boyd Unit, TDCJ-ID;
BILLY WEST; JOE WHITE,

> Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CA-335
_____

November 14, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Raymond Burleson appeals the Magistrate Judge's summary

judgment dismissal of his 42 U.S.C. § 1983 claims alleging that

defendants Nolan Glass, Nilly West, and Joe White were deliberately

indifferent to his health and thereby violated his Eighth Amendment

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

right to be free from cruel and unusual punishment. Specifically, Burleson claims that the defendants deliberately failed to inform him and the other welders at the Boyd Unit where he worked that thoriated tungsten steel welding electrodes used at the plant contained known carcinogens and that the defendants allowed Burleson and other inmate welders to work without the protective equipment specified by the Occupational and Safety Health Administration as necessary for such work. Burleson also asserts that he was not made aware that the materials with which he was working were hazardous because the Material Safety Data Sheet (MSDS) was not made available to inmate workers as required by OSHA regulations.

We review a grant of summary judgment *de novo*, applying the same standard as the district court.[1] To establish an Eighth Amendment violation regarding conditions of confinement, Burleson is required to establish, first, that the deprivation alleged was sufficiently serious, *i.e.*, each defendant's conduct resulted in the denial of "the minimal civilized measure of life's necessities," including "conditions which pose an unreasonable risk of damage to an inmate's future health."[2] This "risk must be of

---

[1] *Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 257 (5th Cir. 2001).

[2] *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

such a level that today's society would not tolerate it."[3] Second, Burleson is required to establish that the defendants acted with deliberate indifference to Burleson's health or safety.[4] Deliberate indifference requires a showing that each defendant (1) was aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that he actually drew an inference that such potential for harm existed.[5] "'Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.'"[6]

After reviewing the record, we conclude, first, that the Magistrate Judge erred in concluding that there are no genuine issues of material fact with respect to whether Burleson was exposed to levels of carcinogens sufficient to pose an unreasonable risk of serious damage to his future health.[7] Summary judgment evidence provided by Burleson creates a genuine issue as to whether the use of thoriated tungsten steel welding electrodes poses a

---

[3] *Id.*

[4] *Id.*

[5] *Id.; see also Farmer v. Brennan*, 511 U.S. 825, 838 (1994) ("But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

[6] *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (quoting *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)).

[7] *See Herman*, 238 F.3d at 664-65.

significant health risk which mandates the use of protective equipment.

Second, the evidence presented on summary judgment also establishes that there are genuine issues of material fact as to the deliberate indifference allegedly demonstrated by each defendant. Glass and West admitted that they were familiar with the contents of the MSDS. Moreover, the evidence presented by Burleson raises a genuine issue as to whether Burleson and other inmate welders were made aware of the radioactive nature of the materials they were using or of the risks described in the MSDS, whether Burleson actually wore protective gear while welding, whether all the welding rods they used were radioactive, and whether there was adequate ventilation in the welding area during the period in which Burleson worked there. These fact issues preclude summary judgment.

Burleson is also required to show causation to establish each defendant's section 1983 liability for a violation of his Eighth Amendment rights.[8] The record evidence discloses a genuine issue of material fact on this requirement. We conclude that the Magistrate Judge erred in granting summary judgment for the defendants on the grounds that the record revealed no evidence of

---

[8] *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1416 (5th Cir. 1995).

an Eighth Amendment violation and that Burleson raised only conclusory allegations of causation.

However, we may also affirm a summary judgment on any ground raised by the movant below and supported by the record, even if it is not the ground relied on by the district court.[9] Glass, West, and White all raised a qualified immunity defense, which the district court did not address.[10]

Applying our qualified immunity analysis, we note first that Burleson alleged a violation of a clearly established constitutional right: the Eighth Amendment right to be free from conditions of confinement which pose an unreasonable risk of damage to a prisoner's health.[11] Second, we must determine whether each defendant's conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred, *i.e.*, whether "'*all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the' plaintiff's asserted constitutional or federal statutory right."[12] In the context of Burleson's Eighth Amendment

---

[9] *Holtzclaw*, 255 F.3d at 257-58.

[10] *See generally Cozzo v. Tangipahoa Parish Council-President Gov't*, 262 F.3d 501, 511 (5th Cir. 2001).

[11] *See Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 31-37 (1993); *Herman*, 238 F.3d at 664; *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000).

[12] *Cozzo*, 262 F.3d at 511 (quoting *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001)).

5

claim, we hold the defendants to the standard of subjective deliberate indifference in determining whether their conduct was objectively reasonable.[13]  Resolving all genuine factual controversies and drawing all inferences in favor of Burleson, we conclude that there is sufficient evidence in this record for a reasonable jury to conclude that each defendant acted with deliberate indifference to significant risks to Burleson's health such that their conduct was not objectively reasonable in light of clearly established law at the time that Burleson worked as a welder in the Boyd Unit.  As discussed above, assuming that Burleson was not  made aware of the radioactive nature of the materials he was using or of the risks described in the MSDS, that Burleson was not required to and did not wear protective gear, that all welding rods used by Burleson were radioactive, and that there was inadequate ventilation in the welding area during the period in which Burleson worked there, a reasonable jury could find that the defendants' conduct in subjecting Burleson to these conditions was deliberately indifferent to the risk to Burleson of future injury from exposure to carcinogens and was not objectively reasonable. Accordingly, summary judgment is not appropriate on the subject of qualified immunity.

---

[13]  *See Domino v. Tex. Dep't. of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

For the foregoing reasons, the summary judgment granted in favor of defendants Glass, West, and White is REVERSED, and the case is REMANDED for proceedings consistent with this opinion.