IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40897
Conference Calendar

_____

JOE R. WALKER,

Plaintiff-Appellant,

versus

SHERRY DICKENS , Property Officer;
VONDA PAGITT, Correctional Officer IV,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-92
- - - - - - - - - -
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Joe R. Walker, Texas prisoner # 435844, appeals the dismissal as frivolous of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2). Walker asserts that prison officials retaliated against him for filing grievances and that his due process rights were violated when he was not afforded the opportunity to properly store his property prior to its confiscation, in accordance with prison rules and procedures. For the first time, Walker also argues that his First Amendment

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rights were violated.  New allegations may not be raised and will not be addressed for the first time on appeal.  Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000); Reeves v. Collins, 27 F.3d 174, 177 (5th Cir. 1994).  Accordingly, we decline consideration of Walker's First Amendment argument.

Walker's due process argument fails to state a constitutional claim cognizable under 42 U.S.C. § 1983.  See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). Furthermore, Walker fails to demonstrate that the appellees were retaliating against him when they confiscated his property.  See McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998); Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997); Whittington v. Lynaugh, 842 F.2d 818, 819 (5th Cir. 1988).

AFFIRMED.