**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-20388

Summary Calendar

CHARLES JAMES POMPEY;

Plaintiff-Appellee,

versus

BRENDA CHENEY, ETC., ET AL.

Defendants,

DOUGLAS APPEL, ETC., O.D.                Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(4:03-CV-1543)

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Dr. Douglas Appel appeals from the district court's order denying him qualified immunity. The plaintiff, Charles James Pompey, sued Dr. Appel under section 1983 for deliberate indifference to his medical needs while incarcerated, as proscribed by the Eight Amendment's right to be free of cruel and unusual punishment. The district court denied Appel's motion for summary

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment based on qualified immunity.  Because the district court applied an incorrect legal standard, we vacate and remand.

In reviewing an officer's assertion of qualified immunity, a court first determines whether the plaintiff alleges a violation of a constitutional right.  Here Pompey alleges deliberate indifference, for which the appropriate *mens rea* is subjective recklessness.[1]  That is, "[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[2]

Yet the district court found a constitutional violation based on objective recklessness, ruling that Appel knew *or should have known* that Pompey faced a substantial risk of harm.  This error improperly broadened the scope of Appel's liability.  We VACATE and REMAND.

---

[1]*Farmer v. Brennan*, 511 U.S. 825, 837–47 (1994).

[2]*See Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998). Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1983).  The district court did not apply this inference.

2