United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41565
Summary Calendar

JOHN MICHAEL RIVERA,

                              Plaintiff-Appellant,

versus

GERALD DAWSON; UP BRYANT, Major; J. SMITH, Captain; CLARENCE
THOMAS, Doctor; FRED MOORE; ROBERT WILLIAMS, Laundry Captain;
JAMES DENBY, Laundry Lieutenant,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-673
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    John Michael Rivera, Texas prisoner # 935107, appeals the

summary judgment granted in favor of the appellees in his

42 U.S.C. § 1983.  He argues that the district court erred in

granting summary judgment on his claim that the appellees

assigned him to a job that caused his pain and aggravated his

back problems.  Rivera has not demonstrated that Gerald Dawson or

Joe Smith were personally involved in assigning him to the

laundry folding position and, had they been involved, they would

----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have had any knowledge that this work assignment would aggravate Rivera's medical condition. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). Because Rivera's work assignment did not violate his sedentary work restrictions, Robert Williams and James Denby's failure to change Rivera's work assignment amounted to no more than negligence. See Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994).

Rivera argues that the appellees retaliated against him for filing grievances and for filing this civil action. Rivera has not presented any evidence which demonstrates that the defendants acted with a retaliatory motive or alleged a chronology of events from which retaliation may plausibly be inferred. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).

Rivera argues that the appellees failed to bring the laundry facility into compliance with the requirements of the Americans with Disabilities Act (ADA). Rivera may not bring a 42 U.S.C. § 1983 action for damages against a state official in his individual capacity to vindicate rights conferred by Title II of the ADA. See McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 412-14 (5th Cir. 2004). Further, because Rivera has been transferred to another unit, any claim to injunctive relief that he may have had is now moot. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).[1]

---

[1] Named appellee Bryant was never served and is not a party to this appeal. The claims against named appellees Moore and Thomas were severed by the district court, hence Moore and Thomas

AFFIRMED.

are not parties to this appeal.  Rivera seemingly makes other claims in his brief, but those claims are either inadequately briefed or not properly on appeal for lack of his raising them below.