10-3572-cv
Messina v. 1199 SEIU United Healthcare

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of October, two thousand eleven.

PRESENT:
        AMALYA L. KEARSE,
        PIERRE N. LEVAL,
        DENNY CHIN,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -x

SONDRA MESSINA,
        <u>Plaintiff-Appellant</u>,

        -v.-                                    10-3572-cv

1199 SEIU UNITED HEALTHCARE WORKERS EAST,
NORTH SHORE LONG ISLAND JEWISH MEDICAL CENTER,
AND JOHN DOE,
        <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:      JASON LOUIS ABELOVE, Law Offices of Jason L. Abelove, Garden City, New York.


FOR DEFENDANTS-APPELLEES:     RICHARD LEE DORN, Levy Ratner, P.C., New York, New York, <u>for</u> 1199 SEIU United Healthcare Workers East.

                              MICHAEL JOSEPH VOLPE, Venable LLP, New York, New York, <u>for</u> North Shore Long Island Jewish Medical Center.

Appeal from the United States District Court for the Eastern District of New York (Wall, <u>Magistrate Judge</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-appellant Sondra Messina appeals from the district court's judgment entered on August 11, 2010, granting judgment to defendants, 1199 SEIU United Healthcare Workers East (the "Union") and North Shore Long Island Jewish Medical Center ("LIJ"). Judgment was entered following the district court's entry of an order on August 9, 2010, granting defendants' motions for summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

We review an order granting summary judgment <u>de novo</u> to determine whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. See <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). After reviewing the record, we conclude, for substantially the reasons set forth by the district court, that defendants were entitled to summary judgment.

Messina was employed by LIJ for 42 years, most recently as a laboratory technologist.  She was a member of the Union and a Union delegate.  On September 25, 2006, Messina submitted a retirement notice, with an effective date of October 20, 2006.  Messina rescinded her retirement notice, prior to its effective date, and LIJ accepted her rescission.  Approximately one year later, on September 24, 2007, Messina submitted a second retirement notice, with an effective date of October 19, 2007.  On September 25 and 26, 2007, Messina attempted to rescind her second retirement notice.  Her rescission was declined.  Messina and the Union filed a grievance with LIJ on October 9, 2007, for refusing to let her rescind her retirement notice.  The grievance was denied on October 31, 2007.  On November 19, 2007, the Union informed Messina that it had decided not to arbitrate her grievance.  Union official Steven Kramer testified that the Union reached this decision in part because it believed that arbitration would not result in Messina's reinstatement.  Messina appealed to the Union's Division Board, which affirmed on June 18, 2008.

On September 18, 2008, Messina filed a hybrid suit alleging: (1) the Union's breach of the duty of fair representation ("DFR"); and (2) the Union and LIJ's breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  On August 9, 2010, the district court granted defendants' summary judgment motions, finding that Messina failed to show that the Union had acted in an arbitrary, discriminatory, or bad faith manner.  Messina filed a timely notice of appeal.

To establish a hybrid § 301/DFR claim, a plaintiff must prove that: (1) the union breached its DFR; and (2) the employer breached a collective bargaining agreement. White v. White Rose Food, 237 F.3d 174, 178-79 (2d Cir. 2001) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983)).

A union breaches its DFR when its conduct is arbitrary, discriminatory, or in bad faith, Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998), and there is a causal connection between its wrongful conduct and the plaintiff's injuries, Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir. 1998). "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." Id. at 129 (quoting Air Line Pilots Ass'n, Int'l v. O'Neill, 499 U.S. 65, 67 (1991)) (other internal quotation marks omitted). "This 'wide range of reasonableness' gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." Marquez, 525 U.S. at 45-46. A union's actions are in bad faith if they are fraudulent, deceitful, or dishonest. Sim v. New York Mailers' Union No. 6, 166 F.3d 465, 472 (2d Cir. 1999).

A union's DFR is not breached where the union fails to process a meritless grievance, fails to process a grievance due to error in evaluating its merits, Cruz v. Local Union No. 3, 34 F.3d 1148, 1153-54 (2d Cir. 1994), engages in mere negligent conduct or errors in judgment, Barr v. United Parcel Serv., Inc., 868 F.2d 36, 43-44 (2d Cir. 1989), or decides not to arbitrate a

-4-

grievance, see Vaca v. Sipes, 386 U.S. 171, 191-92 (1967) (finding individual employee does not have "absolute right" to arbitration and discussing negative consequences of system where individuals could compel arbitration).

Here, Messina is unable to show that the Union's decision not to arbitrate her grievance was arbitrary or in bad faith.[1] First, the Union advanced several reasons for its decision, including: Messina's loss in the grievance process; Messina's history of resignation and rescission; LIJ's informing Kramer, after Messina's first resignation and rescission, that LIJ would not again accept such a rescission; legal advice that arbitrators had ruled against unions in similar circumstances; the fact that the Union has approximately 300,000 members and cannot arbitrate each case that arises; and the Union's continuing relationship with LIJ. These reasons were well-founded, and hence the Union's decision was not arbitrary.

Second, Messina, as the district court observed, was unable to specify "facts that support a finding of fraud, dishonesty, intentionally misleading conduct or any other behavior that would lead to a finding of bad faith." The decision not to arbitrate does not, by itself, constitute bad faith. As Messina was unable to present any concrete evidence that would create a triable issue of fact as to whether the Union breached its DFR, summary judgment for defendants was warranted.

---

[1] Messina does not argue on this appeal that the Union's decision was discriminatory.

We have considered Messina's other arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK