# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60413
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 30, 2018

Lyle W. Cayce
Clerk

DONALD MORAN,

Plaintiff-Appellant

v.

CENTURION; DOCTOR ROLANDO ABANGAN; OLLIE LITTLE, Health
Services Administrator,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-15

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Donald Moran, Mississippi prisoner # 171513, appeals the district court's grant of summary judgment to the defendants and the dismissal of his pro se 42 U.S.C. § 1983 complaint. He argues that the defendants demonstrated deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, by failing to provide treatment from a podiatrist or to prescribe

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pain medication for his healed ankle and foot injuries. This court reviews a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Venezuela*, 684 F.3d 564, 571 (5th Cir. 2012).

As an inmate, Moran had a clearly established Eighth Amendment right not to be denied, by deliberate indifference, attention to his serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, resulting in unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference only if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994).

The medical records show that Moran requested and received treatment for his foot and ankle pain, including x-rays, pain medicine, and orthopedic shoes. While Moran argues that he continued to experience pain, the defendants' unsuccessful treatment and Moran's disagreement with the treatment are insufficient to demonstrate deliberate indifference. *See Gobert*, 463 F.3d at 346. Further, the mere claim that he was not referred to a specialist does not itself state a claim of deliberate indifference. *See Green v. McKaskle*, 788 F.2d 1116, 1127 (5th Cir. 1986).

Because Moran has not shown a "wanton disregard" for his "serious medical needs," the district court's judgment is AFFIRMED. *See Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).