# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30840

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2018

Lyle W. Cayce
Clerk

STEVEN PAUL BURNS,

Plaintiff-Appellant

v.

LINDA OTTESEN, Prison Health Care Manager; DACHEL WILLIAMS, Department of Emergency Medical Services/ Prison Medical Services Division, East Baton Rouge Parish Prison,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-245

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Steven Paul Burns, Louisiana prisoner # 428006, moves for appointment of counsel and for leave to appeal in forma pauperis (IFP) from the dismissal of his civil rights action. He alleged primarily that the defendants failed to provide him with adequate medical care for his dental problems. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court disposed of various

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims and defendants.    The district court then granted defendant Linda Ottesen's motion for summary judgment and dismissed the entire action.

By moving to appeal IFP, Burns challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  His IFP request "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous),'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).  Burns has waived review of the district court's Rule 12(b)(6) dismissals by failing to address those dismissals before us.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We may dismiss an appeal "when it is apparent that an appeal would be meritless."  *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.  We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court.  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The district court must "draw all reasonable inferences in favor of the nonmoving party" and "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (internal quotation marks and citations omitted).  "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  *Id.* (internal quotation marks and citation omitted).  To overcome summary judgment, Burns, as the nonmovant, must set forth specific facts showing the existence of a genuine issue for trial.  *See*

No. 17-30840

FED. R. CIV. P. 56(c)(1).  A genuine issue of fact does not exist "if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014).

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, resulting in unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  A prison official acts with deliberate indifference only if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to a denial-of-medical-care claim).  The record establishes that Burns failed to show that Ottesen, who served as the prison healthcare manager, exhibited deliberate indifference to his serious medical needs under the circumstances. *See Farmer*, 511 U.S. at 837, 844-45.  Ottesen's responses to Burns's grievances show that she was aware of his specific complaints set forth in those grievances, but those responses do not show that she was deliberately indifferent to an excessive risk to his health and safety.  Because Burns has not shown that a nonfrivolous issue for appeal exists, his motion for IFP is denied. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. Moreover, because "it is apparent that an appeal would be meritless," Burns's appeal is dismissed. *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.  His motion for appointment of counsel is denied.

MOTION FOR LEAVE TO APPEAL IFP DENIED; MOTION TO APPOINT COUNSEL DENIED; APPEAL DISMISSED.