# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40576
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2019

Lyle W. Cayce
Clerk

LEON D. VESSELL,

Plaintiff-Appellant

v.

GWENDOLYN MYLES, University of Texas Medical Branch - Correctional
Managed Care Provider,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-145

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Leon D. Vessell, a prisoner in the custody of the Texas Department of
Criminal Justice, appeals the district court's grant of summary judgment to
Gwendolyn Myles, a nurse practitioner, and the dismissal of his pro se 42
U.S.C. § 1983 complaint. He argues that Myles demonstrated deliberate
indifference to his serious medical needs in violation of the Eighth Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

by failing to update or review his medical records, ignoring his complaints of leg swelling and edema, and refusing to treat his conditions and instead prescribing an unnecessary medication increase and a colonoscopy. He claims that his edema eventually developed into a bacterial cellulitis infection that required hospitalization and surgery. Additionally, Vessell filed a motion to compel the production of documents, a motion for leave to file an untimely reply brief, and a motion for leave to file newly discovered evidence.

This court reviews a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). As an inmate, Vessell had a clearly established Eighth Amendment right not to be denied, by deliberate indifference, attention to his serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, resulting in unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference only if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994).

The medical records show that Vessell requested and received treatment for his leg swelling and edema, including medical stockings, an increase in the dosage of his blood pressure medication, and education about the importance of a diet low in salt and junk foods. While Vessell argues that he continued to experience pain and swelling, Myles's unsuccessful treatment and Vessell's disagreement with the treatment are insufficient to demonstrate deliberate indifference. *See Gobert*, 463 F.3d at 346. Further, his claims that Myles failed

to update his records, refused to review his medical history, and ordered an unnecessary colonoscopy are not supported by the summary judgment evidence.

Because Vessell has not shown a genuine issue of material fact regarding Myles's "wanton disregard" for his "serious medical needs," the district court's judgment is AFFIRMED.  *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007); *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  His motion for leave to file an untimely reply brief is GRANTED, his motion to compel production of documents is DENIED, and his motion for leave to file newly discovered evidence is DENIED.