United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31056
Conference Calendar

_____

JERRY DALLAS,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; KELLY WARD; DEBBIE SCRIBER;
VENETIA MICHAEL; HEARNS, DR.; PAM LOWERY; DANNY
DAVIDSON; KEREN WHITE; HARPER, DR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2278
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jerry Dallas, Louisiana prisoner # 130421 (Dallas), appeals

the district court's dismissal of his 42 U.S.C. § 1983 complaint,

alleging constitutional violations in connection with Dallas'

exposure to, and treatment for, tuberculosis. Dallas requests an

injunction against prison officials and appointment of counsel to

represent him; those motions are DENIED.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court did not abuse its discretion in dismissing the complaint as frivolous. Dallas' complaint did not allege any facts that would support a finding of deliberate indifference by prison officials in connection with his exposure to tuberculosis. See Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). His assertion that further diagnostic tests were necessary amounts to a disagreement with his medical treatment that does not give rise to a 42 U.S.C. § 1983 cause of action. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Dallas' claim that prison doctors failed to advise him of the side effects of medication, for which he received medical care, is not cognizable under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Dallas argues "supplemental damage claims," but new claims may not be asserted for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

This appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.

The district court's dismissal and this court's dismissal count as two strikes for purposes of 28 U.S.C. § 1915(g). See generally Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Dallas is WARNED that if he accumulates three strikes he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless

he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) SANCTIONS WARNING ISSUED.