United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-20186
Summary Calendar

———————————————

MARCOS ORTIZ,

Plaintiff-Appellant,

versus

JOE S. FERNALD; GARY G. MOHR; MELTON W. BROCK; N. JOHNSON,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2897
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Marcos Ortiz, Texas prisoner # 1049113, proceeding pro se and in forma pauperis ("IFP"), appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies and, in the alternative, as frivolous. Ortiz does not address the district court's determination that his Eighth Amendment claims are subject to dismissal for failure to exhaust administrative remedies. He has therefore waived the issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Ortiz argues that the district court erred in dismissing as

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous his failure-to-protect and denial-of-medical-care claims. Ortiz claimed that his Eighth Amendment rights were violated when the defendants failed to protect him against a June 29, 2002, assault by inmate Lewis Melvin, Jr. Ortiz argues that his report of a prior attack by another inmate, named Evans, and of a threat of future violence put the defendants on notice that he would be assaulted. Ortiz's allegations do not demonstrate a link between the two attacks and do not establish that the defendants were deliberately indifferent to an excessive risk to his safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Ortiz has not shown that the district court abused its discretion in dismissing his failure-to-protect claim as frivolous. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

Ortiz claimed that he was denied medical care following the assault on June 29, 2002. However, Ortiz admits that he was examined following the assault and that he was given ice and Tylenol for the cuts, swelling, and abrasions observed during the examination. The failure to discover, in the course of the examination, the more serious injuries alleged by Ortiz is, at best, an act of medical malpractice which is insufficient to establish a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Ortiz has not shown that prison officials were deliberately indifferent to his serious medical needs. See Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994). He has not shown that the district court abused its discretion in

dismissing his denial-of-medical-care claim as frivolous. <u>See</u> <u>Berry</u>, 192 F.3d at 507. Ortiz's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Ortiz's complaint as frivolous counts as a "strike" under 28 U.S.C. § 1915(g), as does the dismissal of this appeal. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996). Ortiz is CAUTIONED if he accumulates three "strikes," he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.