# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2007**

Charles R. Fulbruge III
Clerk

No. 06-30112
Summary Calendar

ROBERTO BAEZ

Plaintiff-Appellant

v.

IMMIGRATION AND NATURALIZATION SERVICE; ET AL

Defendants

ROSEMARY MELVILLE, District Director; JUAN A CAMPOS, Assistance
District Director; ASA HUTCHINSON, Commissioner of Immigration and
Naturalization Service; K KENDRICK, Warden -- Orleans Parish Prison;
DOCTOR CALDWELL; DOCTOR GAUTREAUX; DOCTOR DILEO;
RICHARD D INGLESE; UNIDENTIFIED PARTY

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-1568

Before  WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Roberto Baez appeals the district court's summary judgment in favor of Doctors Inglese, Caldwell, Dileo, Gautreaux, and Warden K. Kendrick of Orleans Parish Prison (OPP), denying Baez's claim that they were deliberately indifferent to his serious medical needs. Baez's motion for permission to file a supplemental brief is granted. Baez argues for the first time on appeal that Dr. Inglese's certification that accompanied Baez's medical records was not notarized, was not a true affidavit as required by Fed. R. Civ. P. 56, and did not satisfy the requirements for an unsworn declaration under 28 U.S.C. § 1746. Because Baez failed to object to the admissibility of the medical records in the district court, he has waived any objection to the admissibility of the records on appeal. See BGHA, LLC v. City of Universal City, Texas, 340 F.3d 295, 299 (5th Cir. 2003); see also Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 650 n.3 (5th Cir. 1992).

Baez argues that the district court erred in granting summary judgment to the OPP physicians because there are genuine issues of material fact concerning whether the medical records indicate that he had a nerve entrapment and a hernia that required surgery and whether the pain medication prescribed was sufficient to treat his pain. Baez argues that the physicians were deliberately indifferent in that they did not make a good faith effort to contact Baez's previous physician, Dr. Howard Melton, who had recommended surgery; they did not conduct tests or X-rays to determine whether he needed surgery; they erroneously determined that he did not need surgery; and they delayed his surgery and failed to prescribe adequate pain medication for his condition.

This court reviews de novo the district court's grant of summary judgment. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997).

2

Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a constitutional violation. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Disagreement with one's medical treatment is not sufficient to state a cause of action under § 1983. Id. "Further, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Baez has not shown that the district court erred in granting summary judgment in favor of the OPP physicians as he has not shown that there were genuine issues of material fact that precluded summary judgment. The undisputed evidence established that during the time Baez was incarcerated at OPP, he received medical treatment and pain medication for his condition, indicating that the physicians were not deliberately indifferent to his serious medical needs. See Reeves, 27 F.3d at 176-77. The physicians' prescription of Ultram for Baez's pain was reasonable given the OPP policy that narcotics could not be prescribed, and the physicians increased the dosage when Baez complained that the medication was not effective. That Baez ultimately had surgery to repair a hernia after he was transferred to the Yazoo City facility indicates at most that the OPP physicians were negligent and does not rise to the level of a constitutional violation under § 1983. See Varnado, 920 F.2d at 321. Baez's disagreement with the medical treatment provided by the OPP

3

physicians does not establish a constitutional claim under § 1983. See id. Therefore, Baez has not shown that the district court erred in granting summary judgment in favor of the OPP physicians as to his claim that they were deliberately indifferent to his serious medical needs. See Farmer, 511 U.S. at 847; see also Reeves, 27 F.3d at 176-77.

Baez has filed a motion for appointment of counsel on appeal. Counsel will be appointed in civil cases only in exceptional circumstances. Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990). Baez has not shown that exceptional circumstances warrant appointment of counsel on appeal. Therefore, his motion is denied.

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.