# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-10434
Summary Calendar

HENRY MARTINEZ

Plaintiff-Appellant

v.

DOUGLAS DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; L MASSEY, Warden; M MITTON, Major; MARTY J ARREZOLA, Lieutenant; R SEITER, Safety Officer

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CV-306

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Henry Martinez, Texas prisoner # 1108828, proceeding pro se and in forma pauperis, appeals the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. After conducting a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), the district court concluded that Martinez's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and 42 U.S.C. § 1997e(c). Martinez argues that the district court erred by dismissing his claim that prison officials were deliberately indifferent to his medical needs. He contends that his ongoing medical problems result from a February 13, 2004, incident where he slipped and fell and injured himself after being ordered to walk on an ice-covered sidewalk.

The district court analyzed Martinez's allegations and issued a detailed opinion explaining why Martinez's complaint was subject to dismissal. Martinez's argument before this court focuses solely on his claim that prison officials were deliberately indifferent to his medical condition that resulted from the slip and fall accident. He therefore has abandoned all other allegations that were rejected by the district court. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Martinez's allegations in the district court and his argument in this court indicate that after the fall Martinez received ongoing medical care. Thus, Martinez's argument that he has received inadequate medical care is essentially a disagreement with the level of care that he has received. Such disagreement does not rise to the level of an Eighth Amendment violation. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Additionally, Martinez offers no explanation to this court regarding the relationship of the named defendants to his claim that officials acted with deliberate indifference to his medical needs. See Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). Finally, Martinez's argument to this court is different from and conflicts with the allegations that he made in the district court.

Martinez's complaint lacked an arguable basis in law or fact, and the district court did not err in dismissing the complaint. His appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because Martinez's appeal is frivolous, it is dismissed. 5TH CIR.

R. 42.2. The district court's dismissal of this case and this court's dismissal as frivolous count as two strikes against Martinez for purposes of 28 U.S.C. § 1915(g). See § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Martinez is cautioned that if he accumulates three strikes he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.