IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-51317
Summary Calendar

JOHN STEPHEN BAXTER

Plaintiff-Appellant

v.

WARDEN EDWARDO CARMONA; DOCTOR SHERI TALLEY; KENETH SEIDEL; CLARANCYE WILLIAMS; DIRECTOR BRAD LIVINGSTON

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:07-CV-19

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Stephen Baxter, Texas prisoner # 618988, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court dismissed Baxter's 42 U.S.C. § 1983 complaint, holding that Baxter's disagreement with the course of treatment followed by the prison medical staff was insufficient to state a claim under § 1983. The district court additionally determined that Eleventh Amendment immunity shielded from monetary damages defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carmona, Talley, Seidel, and Livingston in their official capacities and that qualified immunity shielded all five defendants in their individual capacities as Baxter failed to state a cognizable claim for deliberate indifference to medical needs under the Eighth Amendment. The district court denied Moore's motion for leave to proceed IFP on appeal and certified that the appeal was not taken in good faith finding that Baxter had presented no arguable or nonfrivolous issue for appeal.

Baxter now moves this court for leave to proceed IFP on appeal. In doing so, Baxter is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Baxter argues that the district court wrongfully denied him leave to proceed IFP because the district court judge was biased in favor of the defendant. The adverse ruling itself is insufficient to support Baxter's allegation of bias and Baxter's conclusory allegations of the district court judge's friendship with Talley is also insufficient. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Liberally construed, Baxter's brief additionally argues that the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishment when they failed to provide surgery and appropriate medication for his orthopedic issues, and confiscated his walking cane. Baxter has failed to show that the defendants exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 101, 104-05 (1976); Farmer v. Brennan, 511 U.S. 825, 847 (1994); see Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying the Farmer standard in the context of a denial-of-medical-care claim). Baxter's arguments demonstrate only a disagreement about his medical treatment or negligence, which is insufficient to establish an unconstitutional denial of medical care. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Baxter has not shown that the district court's certification that an appeal would not be taken in good faith was incorrect. The instant appeal is without arguable merit and is thus frivolous.

See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Baxter's request for IFP is denied and his appeal is dismissed. See Baugh, 117 F.3d at 202, n.24; 5TH CIR. R. 42.2. Baxter is cautioned that our dismissal of this appeal as frivolous and the district court's dismissal of his complaint for failure to state a claim each count as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Baxter is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.