# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2012

No. 11-31177
Summary Calendar

Lyle W. Cayce
Clerk

PAT TERRY,

Plaintiff-Appellant,

versus

JAMES LE BLANC; LYNN COOPER; JOHN DOE VAJNAR;
ROBERT HENDERSON; JOE RUEBUSH; JOHN CRAWFORD,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:11-CV-112

Before SMITH, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pat Terry, Louisiana prisoner # 550371, sued under 42 U.S.C. § 1983,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleging that the defendants violated his constitutional rights. The defendants, sued in their individual and official capacities, were the following employees of the Louisiana Department of Public Safety and Corrections ("DPSC"): James M. Le Blanc, the secretary of DPSC; Lynn Cooper and Robert Henderson, wardens at DPSC correctional facilities; Joe Ruebush, an assistant warden at a DPSC correctional facility; and John Doe Vajnar and John Crawford, medical practitioners who provide services at DPSC correctional facilities.

Terry alleged that the defendants acted under color of state law to institute and maintain a custom and practice of deliberate indifference to prisoners' medical needs. Additionally, he claimed that the defendants retaliated against him for exercising his rights.

Terry appeals the dismissal of his complaint as frivolous and for failing to state a claim upon which relief could be granted. The dismissal of a complaint as frivolous is reviewed for abuse of discretion, and the dismissal of a complaint for failure to state a claim is reviewed *de novo*. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Because the district court stated that the complaint was frivolous and also that it failed to state a claim, our review is *de novo*. *See id.*

With regard to the DPSC medical practitioners, the complaint shows at most that they committed malpractice or administered unsuccessful treatment or that Terry disagreed with the treatment they prescribed, showings insufficient to impose § 1983 liability. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Additionally, the complaint does not set forth facts showing that these practitioners had policy-making authority and that their decisions thus constituted official governmental policy. *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

The complaint fails also to allege any arguable basis in law for holding the DPSC secretary, wardens, and deputy warden liable under § 1983. Nothing in the complaint shows that these officials "refused to treat [Terry], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar con-

duct." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted); *see also Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

Nor do we find any basis for supervisory liability. "Supervisory liability [may exist] even without overt personal participation in [an] offensive act if supervisory officials implement a [constitutionally deficient] policy." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). In the instant case, however, the allegations of a policy of deliberate indifference do no more than present "legal conclusion[s] couched as . . . factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Conclusory allegations do not state a claim of a deprivation of constitutional rights. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Terry does not press his retaliation claim on appeal. Consequently, we deem it abandoned. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Terry has failed to show that the district court erred in dismissing his complaint. *See Geiger*, 404 F.3d at 373. Moreover, he fails to assert any claim of arguable merit, and consequently the appeal is DISMISSED as frivolous. *See Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001); 5TH CIR. R. 42.2.

The dismissal of Terry's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal counts as a second strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Terry is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).