# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2012

No. 12-40579
Summary Calendar

Lyle W. Cayce
Clerk

CHESTER LOWE HUFF,

Plaintiff-Appellant

v.

MARIA MANFREDI; LANELLE D. WHITE; DR. NIMA; DR. TIRGAN; ESCHAVAREZ ERK; ET AL;

Defendants-Appellees

------------------------------------------------------------

CHESTER LOWE HUFF,

Plaintiff-Appellant

v.

RICK THALER, ET AL,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-43
USDC No. 2:12-CV-67

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Chester Lowe Huff, Texas prisoner # 582855, filed a 42 U.S.C. § 1983 complaint arguing that the Texas Department of Criminal Justice (TDCJ-ID), the University of Texas Medical Branch (UTMB), and 34 individual employees of either the TDCJ or UTMB were deliberately indifferent to his serious medical needs. Specifically, he argued that the defendants delayed and denied him treatment for an eye infection that caused him constant pain, a swollen cheek, and blurry vision. He also asserted that the defendants retaliated against him for filing grievances. Huff consented to proceed before a magistrate judge who dismissed his complaint for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)(1).

Because the magistrate judge found that Huff's complaint was both frivolous and failed to state a claim under both § 1915(e) and § 1915A, our review is *de novo*. *See* Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005) (reviewing dismissal of the complaint de novo where both standards of review were applicable). Other than naming Rick Thaler, Eileen Kennedy, Cheryl Lawson, and Ernest Guterrez as defendants in his brief, Huff does not allege any facts supporting claims against these defendants. He also does not challenge the magistrate judge's decision that the Eleventh Amendment barred his claims against the TDCJ-ID, the UTMB, and the defendants in their official capacities. Further, Huff does not challenge the magistrate judge's order transferring his claims against Doctor Nguyen, Dr. Nima, Doctor Tirgan, and Dr. Balel Baker to the Southern District of Texas, Galveston Division. Accordingly, Huff has abandoned his claims against the above defendants before this court. *See Yohey*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Huff contends that the magistrate judge was biased and misconstrued his *Spears*[1] hearing testimony. However, a review of the recording of the *Spears* hearing does not support Huff's contention that the magistrate judge misconstrued his testimony or spoke to him "in a hate tone a voice." Huff's bias argument really appears to be based on the magistrate judge's adverse rulings against him; this evidence alone is not sufficient to establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (internal quotations and citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994) (applying *Farmer* to medical care claim). In the case of a claim for denial of medical care, "the facts underlying a claim of deliberate indifference must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (internal quotations and citation omitted).

As to Norris Jackson and William Burgin, Huff's assertion that these defendants denied him medical care in violation of the Eighth Amendment by ignoring his grievances complaining that he was being denied medical care for his infected eye is unavailing. The record reflects that Huff's grievances were

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

investigated and responded to by Jackson and Burgin.  To the extent that Huff challenges the denial of his grievances, he has failed to allege a constitutional violation.  *See Geiger,* 404 F.3d at 374.  Huff does not challenge the magistrate judge's determination that the implementation and execution of Administrative Directive 06.62 is not unconstitutional.  Accordingly, he has abandoned any constitutional challenge to the policy. *See Brinkmann*, 813 F.2d at 748.  Further, Huff's condition was not classified as a medical emergency and he has not shown that he suffered substantial harm in connection with any delay in receiving medical treatment as a result of the application of Administrative Directive 06.62. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993).  Accordingly, the magistrate judge did not err in dismissing Huff's claims against these defendants.

As the magistrate judge noted, Huff seemingly sued every medical personnel and security officer he encountered between April 2011 through November 2011. Huff, however, has made no showing of deliberate indifference on the part of the defendants and thus has not shown that the magistrate judge erred in determining that the defendants did not violate his constitutional rights.  The record indicates that Huff received ongoing treatment for his eye infection.  At most, Huff alleges inconsequential delays in medical treatment, unsuccessful medical treatment, and acts of negligence or medical malpractice. Further, his allegation that the nurses and doctors at the McConnell Unit should have immediately referred him to Hospital Galveston does not amount to deliberate indifference.  *See Estelle*, 429 U.S. at 107; *see also Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  Huff has failed to show that the defendants ignored his complaints, refused treatment, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *See Johnson*, 759 F.2d at 1238.  Accordingly, the magistrate judge did not err in dismissing his claims against the defendants.

Huff contends that the defendants denied him adequate medical care for his infected eye in retaliation for filing grievances. Filing a grievance is a constitutionally protected activity, and a prison official may not retaliate against a prisoner for engaging in a protected activity. *See Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To state a retaliation claim, a prisoner must, inter alia, "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred." *Id.* at 1166 (internal quotation marks and citations omitted). Huff's conclusory allegations that he was denied medical care in retaliation is not supported by his own pleadings which reflect that he received ongoing medical care for his infected eye notwithstanding his complaints and grievances. Thus, the magistrate judge did not err in denying Huff's claim as frivolous.

Accordingly, the judgment of the magistrate judge is affirmed. Huff's motion to file a supplemental brief is granted, but his motion for appointment of counsel is denied. The magistrate judge's dismissal of his complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir. 1996). Huff is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF IS GRANTED; MOTION FOR APPOINTMENT OF COUNSEL IS DENIED; SANCTION WARNING ISSUED.