# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2013

No. 13-30132
Summary Calendar

Lyle W. Cayce
Clerk

NOLAN C. DAVIS, SR.,

Plaintiff-Appellant

v.

BURT MICHOT; WARDEN MCCAIN; WARDEN SLAY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-19

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Nolan C. Davis, Sr., Louisiana prisoner # 222989, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Davis alleged that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment while he was incarcerated at the J. Levy Dabadie Correctional Center in Pineville, Louisiana, and he named as defendants the director of nursing, Burt Michot, and Wardens

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McCain and Slay. He specifically alleged that Michot acted with deliberate indifference to his serious medical needs by failing to provide him with timely medical treatment for what was eventually diagnosed as appendicitis.

A district court is directed to dismiss a claim if it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B). We review de novo the district court's dismissal of Davis's civil rights complaint using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "Under that standard, a complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers*, 709 F.3d at 407 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal quotations and citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to medical care claim). To show deliberate indifference, Davis must submit evidence that the defendants refused to treat him, purposefully gave him improper treatment, ignored his medical complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

He has failed to do so.  According to Davis's complaint, Michot examined Davis within one hour of his initial sick call request, performed lab work, and arranged for Davis to be examined by a physician, who subsequently diagnosed Davis with appendicitis and ordered that he be transferred to the hospital.  Even if, as Davis alleges, Michot initially misdiagnosed him and did not schedule the appointment with the doctor until more than ten days later, those allegations, without more, do not rise to the level of a constitutional violation.  *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (holding that a delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and results in substantial harm); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (noting that unsuccessful medical treatment, negligence, neglect, and medical malpractice do not give rise to a § 1983 action).

Thus, because Davis has failed to state a plausible claim that the defendants were deliberately indifferent to his medical needs, *see Rogers*, 709 F.3d at 410; *Gobert,* 463 F.3d at 346, the judgment of the district court is affirmed.  The district court's dismissal of the complaint under § 1915(e)(2)(B)(ii) counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Davis has two prior strikes under § 1915(g).  *See Davis v. Smith*, No. 1:11-cv-01676 (W.D. La. Apr. 16, 2012); *Davis v. Gusman*, No. 2:09-cv-07195 (E.D. La. Apr. 28, 2010).  Because he has now accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION IMPOSED.