# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30774

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2016

Lyle W. Cayce
Clerk

GREGORY BAILEY,

Plaintiff-Appellant

v.

EAST BATON ROUGE PARISH PRISON; DENNIS GRIMES; 19TH JUDICIAL DISTRICT COURT; TONY MARABELLA; DOCTOR VINCENT LEGGIO, East Baton Rouge Parish Prison Dentist,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-224

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gregory Bailey, Louisiana prisoner # 216886, filed the instant 42 U.S.C. § 1983 suit to seek redress for alleged acts of deliberate indifference to serious medical needs. Bailey named East Baton Rouge Parish Prison (EBRPP), Warden Dennis Grimes, the Nineteenth Judicial District Court for the Parish of East Baton Rouge (19th JDC), Judge Tony Marabella, and Dr. Vincent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30774

Leggio as defendants. The district court granted dismissal to EBRPP, the 19th JDC, and Judge Marabella pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted summary judgment to Grimes and Leggio pursuant to Rule 56(a). Thereafter, the district court dismissed Bailey's suit.

Now, Bailey moves this court for authorization to proceed in forma pauperis (IFP) on appeal. By moving to proceed IFP, Bailey is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We conduct a de novo review of a grant of summary judgment, using the same standard as the district court. *Nickell v. Beau View of Biloxi*, L.L.C., 636 F.3d 752, 754 (5th Cir. 2011). "The [district] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV P. 56(a). The evidence is viewed in the light most favorable to the nonmoving party, but "conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Bailey does not challenge the district court's dismissal of his claims against EBRPP, the 19th JDC, Judge Marabella, and Grimes. However, construing his pleadings liberally, he contends that the district court erred by dismissing his claims that Leggio was deliberately indifferent to his serious medical needs. The deliberate-indifference standard set forth in *Farmer v.*

2

No. 15-30774

*Brennan*, 511 U.S. 825, 837-40 (1994), applies to pretrial detainees. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). In order to prevail, a pretrial detainee must demonstrate that a government official was deliberately indifferent to "a substantial risk of serious medical harm." *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). A prison official acts with deliberate indifference to an inmate's health "only if he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847; *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (holding that prisoner must "submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs" (internal quotation marks and citation omitted)); *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (applying *Farmer* to denial of medical care claim).

Our review of the record and Bailey's arguments shows that this standard has not been met. Rather, Bailey's contentions amount to a disagreement with the treatment received or an allegation of malpractice, neither of which amounts to deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Moreover, the evidence presented by Leggio to the district court established that there is no genuine issue of material fact that Leggio did not ignore Bailey's complaints, did not refuse to treat him, did not intentionally treat him incorrectly, and did not exhibit a "wanton disregard" for Bailey's "serious medical needs." *See Gobert*, 463 F.3d at 346. The evidence also directly contradicted Bailey's conclusory assertions that Leggio was deliberately indifferent, refused to help Bailey, and let Bailey suffer.

No. 15-30774

Bailey did not submit or point to any evidence to the district court to establish the existence of a triable issue. FED R. CIV. P. 56(c)(2). The only support that Bailey relies upon in this court to show the existence of a triable issue are the conclusory allegations of his IFP pleadings, which do not meet the requirements of Rule 56. *See Wheat v. Fla. Parish Juvenile Justice Comm'n,* 811 F.3d 702, 707 (5th Cir. 2016)("bare allegations" are insufficient to meet the non-movant's burden to show a genuine dispute of material fact); *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) ("When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."). Because Bailey has failed to establish that there is a genuine issue for trial concerning his deliberate indifference claim against Leggio, he has not shown that the district court erred by granting Leggio's motion for summary judgment with respect to this claim or that he will raise a nonfrivolous appellate claim concerning it. *See Duffie*, 600 F.3d at 371; *Howard*, 707 F.2d at 220. Accordingly, Bailey's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS. This court's dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Bailey is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).