# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

No. 17-30614
Summary Calendar

STEVEN ANTHONY WALCOTT, JR.,

                                          Plaintiff-Appellant

v.

TERREBONNE PARISH JAIL MEDICAL DEPARTMENT; RICHARD NEAL, incorrectly identified in the original complaint as Peedie Neal; NURSE  PAT; NURSE  KIM; NURSE  DOMINIC,

                                          Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-15594

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Steven Anthony Walcott, Jr. (Terrebonne Parish # 51734/Louisiana prisoner # 344820), appeals the district court's conclusion that his 42 U.S.C. § 1983 complaint in which he alleged that the defendants were deliberately indifferent to his serious medical needs was frivolous and failed to state a claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30614

for which relief may be granted.  We review the district court's dismissal de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Walcott maintains that members of the medical staff at the Terrebone Parish Jail Medical Department did not correctly identify his medical issues or prescribe effective treatments; he asserts that the staff, on multiple instances, recommended treatments that did not address his symptoms and, on occasion, caused his condition to worsen.  Walcott further contends that the staff did not promptly provide him with pain medication and, moreover, delayed his medical care by pursuing unsuccessful treatments instead of referring him to a doctor. He asserts that the staff did not follow professional standards or protocols and mistreated him in order to inflict pain.  Because he has not asserted a claim on appeal as to the Terrebone Parish Jail Medical Center, he has abandoned any challenge to the dismissal of his claims as to that defendant.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The record does not reflect that the medical staff was aware that Walcott faced a substantial risk of serious harm because of his medical issues, ignored that risk, and intended for him to be harmed.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994); *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009).  Rather, the staff attempted to diagnose, treat, and monitor Walcott's medical issues and reacted to concerns about the efficacy of their suggested treatments by repeatedly changing their recommendations.  The staff made ongoing efforts to alleviate Walcott's pain and symptoms by, inter alia, prescribing various medications (e.g., antibiotics, anti-inflammatories, pain medicine).  Their alleged failures to offer an accurate diagnosis, prescribe effective treatments, and make perfect decisions as to the management of Walcott's conditions and pain do not establish their deliberate indifference.  *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Domino*

2

*v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). While Walcott disapproved of his treatment, and the staff, at worst, was negligent, he cannot establish a claim of deliberate indifference on those bases. *See Gobert*, 463 F.3d at 346; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Any failure of the staff to follow professional standards or protocols is irrelevant. *See Gobert*, 463 F.3d at 346, 349; *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Thus, Walcott's deliberate-indifference claim is unavailing.

Walcott also questions the merits of the defendants' motion to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), challenges the dismissal of his complaint in light of that motion, and contests the district court's sua sponte dismissal of his complaint. However, the district court did not dismiss Walcott's complaint based on the defendants' motion; the district court sua sponte dismissed the complaint as frivolous and for failure to state a claim and dismissed the motion to dismiss as moot. Thus, Walcott's claims as to the motion to dismiss are inapposite. The district court's sua sponte dismissal otherwise was proper because the record establishes that Walcott had the opportunity to plead his best case. *See Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986).

The district court's dismissal of Walcott's complaint counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Walcott is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.